### Ex Parte Luther Collins.

No. 8682.   Decided April 30, 1924.

**1.—Rape—Bail—Additional Testimony.**

Where upon appeal from judgment denying bail on a rape case, it appeared from additional testimony that defendant should be admitted to bail, the same is hereby ordered and in the absence of a showing of financial inability the bond is hereby fixed at $7,500.

**2.—Same—Bail—Rule Stated.**

It is a mandate of our Constitution that every person charged with crime shall be bailable except for capital offenses when the proof is evident. Following: Ex Parte Smith, 23 Texas Crim. App., 100, and other cases.

Appeal from a habeas corpus proceeding denying bail. Tried below before the Honorable C. W. Robinson.

The opinion states the case.

*Mathis, Heidingsfelder, Teague & Kahn,* for appellant. Cited cases in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—This is an appeal from a judgment of the Criminal District Court of Harris County denying bail. This case has been before this court on appeal from conviction, and the opinion with a statement of the facts then before the court may be found in volume 95 Texas Crim. Rep., 405, 254 S. W. Rep., 805. Since reversal it is made to appear that the case has again been tried in the lower court, the result being a mis-trial. Thereafter a writ of habeas corpus was sued out before the learned trial judge of the Criminal District Court of Harris County who, upon the hearing, remanded appellant

to custody without bail. Upon said hearing, in addition to the testimoney heard before the jury upon the trial had in March 1924 after reversal, appellant offered his verified application for this writ wherein it is alleged that the jury who tried him the last time were divided in the ratio of seven for acquittal and five for conviction, and that neither of the five who stood for conviction was for the death penalty or for life imprisonment. While this statement is in nowise controverted by the State upon the hearng in the court below, we regard it as merely persuasive. It appears from the statement of facts introduced upon the last trial, which is herewith submitted for our consideration, that the State failed to introduce before the jury one of the two eyewitnesses to the transaction involved. Appellant is charged with rape, and the injured female testified, and other parts of the record corroborate her testimony to this extent, that Ross Traina was with her at the time of the alleged rape and was compelled by her assailant to remain quiet and present while the act of assault was committed. As stated, upon this last trial the State introduced the young woman but failed to place upon the stand Ross Traina, notwithstanding it is shown that he was present at court and his testimony available. From the records of this court and its opinion heretofore delivered in this case and above referred to, we observe that in support of a motion for new trial filed by appellant after his conviction at a former term, the affidavit of said Traina was offered in which appears the statement under oath that appellant is not the negro who in the presence of Traina assaulted the woman involved. In view of the facts above stated and without further analysis or discussion of them, it is our opinion that the appellant is entitled to bail. It is the mandate of our Constitution that every person charged with crime shall be bailable except for capital offenses when the proof is evident, and we are charged in Sec. 11 of the Constitution with careful examination of the evidence to the end that this provision be not construed so as to prevent bail in proper cases. Unless the evidence presented be clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent; that he would probably be punished capitally if the law is administered, bail becomes a matter of right. Ex Parte Smith, 23 Texas Crim. App., 100; Ex Parte Evers, 29 Texas Crim. App., 539; Ex Parte Parker, 48 Texas Crim. Rep., 486.

We find nothing in the record exhibiting the ability of appellant to make bail. In the absence of such proof we can only fix such bail as seems commensurate with the gravity of the offense and the probability of conviction with punishment at a term of years. The judgment will be reversed and bail fixed in the sum of Seventy-five Hundred Dollars.

*Bail granted.*